In re Albert Curtis **HUTCHINS**, Jr.

Albert Curtis **HUTCHINS**, Jr., Plaintiff,

v.

**FORDYCE BANK AND TRUST COMPANY, FBT Bancshares, Inc., Roy McClain and Does 1 through 10, Defendants.**

Bankruptcy No. 96–50949 S.
Adversary No. 97–05025.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

July 11, 1997.

David D. Coop, Little Rock, AR, Chapter 13 Trustee.

Stephen L. Gershner, Little Rock, AR, for debtor.

Janet Pulliam, Pamela Dixon, Little Rock, AR, for defendants.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon cross-motions for summary judgment on Count I of the complaint which alleges a cause of action for breach of the automatic stay in bankruptcy. The debtor filed his Chapter 13 petition in bankruptcy on September 30, 1996. In addition, on July 2, 1997, the defendants filed a request to amend their motion for partial summary judgment.

Approximately one week after the filing of the case, Fordyce Bank and Trust Company ("the bank") authorized an attorney to investigate and evaluate debtor's work performance. Within one month of the filing of the bankruptcy case, the bank and FBT Bancshares, Inc. ("FBT") terminated debtor's employment contracts. Accordingly, the debtor initiated this separate lawsuit in the United States District Court alleging causes of action for violation of the automatic stay, 11 U.S.C. § 362, and for discriminating against the debtor for his bankruptcy filing, 11 U.S.C. § 525.[1] The district court, upon review of the file, transferred the matter to this Court.

### The Summary Judgment Standard

Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Company,* 849 F.2d 1269, 1273 (10th Cir.1988). Summary judgment is

---

1. The complaint also alleges several state law causes of action.

appropriate when a court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). As the Supreme Court has made clear, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555.

After the movant has made a properly supported summary judgment motion, "the no-movant [has] the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. The nonmovant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. However, the fact that both sides move for summary judgment does not alone establish that the case is proper for summary judgment. *Young v. Southwestern Bell Telephone Co.*, 309 F.Supp. 475, 476 (E.D.Ark.1969)(Henley, C.J.).

### The Debtor's Motion for Summary Judgment

The debtor plaintiff asserts that his employment contracts with the defendants FBT and the bank are property of the estate and executory contracts under sections 365 and 1322 of the Bankruptcy Code, and that the termination of these contracts constituted wilful violations of the automatic stay such that he is entitled to reinstatement and damages. The defendants counter that section 362 is not applicable to employment relationships. Rather, they assert, any claim for damages or other relief, in this context, should proceed solely within the parameters of section 525 regarding discrimination.

▇▇ An executory contract is one in which performance remains due on both sides. *In re Hooker Invests., Inc.*, 145 B.R. 138, 144 (Bankr.S.D.N.Y.1992). An employment contract is an example of an executory contract, *In re Jolly*, 574 F.2d 349, 351 (6th Cir.1978), *cert. denied*, 439 U.S. 929, 99 S.Ct. 316, 58 L.Ed.2d 322 (1978). Indeed, even an employment contract which terminated pre-petition, but which contained a covenant not to compete, has been held to be an executory contract because the non-compete clause created a continuing obligation on the part of the debtor. *In re Constant Care Community Health Center, Inc.*, 99 B.R. 697 (Bankr. D.Md.1989).

▇▇ Upon the filing of a bankruptcy case, contracts held by the debtor, including employment contracts, become property of the estate, 11 U.S.C. §§ 541(a) 1306; Collier on Bankruptcy, ¶ 365.06[1][b] (Matthew Bender 15th rev. ed.1997)("It seems clear that such contracts become property of the estate under section 541 of the Code."). Earnings derived from those contracts and causes of action accruing relating to those contracts, are property of the estate. As such, the plaintiff is entitled to plead causes of action which may exist for breach of the agreements or violation of the law relating to those agreements, including section 525(a).[2] In the instant case, the debtor held contracts which granted him certain employment rights and provided that he could be terminated from employment only for cause. Cause, under both of the contracts at issue, is defined as "unacceptable work performance, being convicted of a felony, or engaging in any job related activity which has a reasonable possibility of being determined to be illegal behavior." Inasmuch as the contracts were property of the estate, the credi-

---

**2.** Similarly, section 365(e) would preclude both the bank and FBT from terminating the debtor's contracts, and may permit assumption of the contracts. *See generally In re Cardinal Industs., Inc.*, 116 B.R. 964, 979 (Bankr.S.D.Ohio 1990)("Congress did not intend § 365(c)(1) to preclude assumption of an otherwise nonassignable personal service contract if the performance to be given or received 'will be the same as if no petition had been filed.' Rather ... § 365(c)(1) provides that a debtor in possession can assume a personal service contract that is nonassignable under state law as long as its performance is going to be the same as if no petition had been filed.").

tor was required to seek relief from stay to terminate the debtor's rights in those contracts.[3] *Computer Communications, Inc. v. Codex Corporation,* 824 F.2d 725 (9th Cir. 1987)(There is no executory contract exception in 362(b)); *In re Cardinal Industs., Inc.,* 116 B.R. 964, 982 (Bankr.S.D.Ohio 1990).[4]

 While the termination of the debtor's contracts may indeed be violations of the stay, the Court does not believe that the wilfulness of the bank and FBT's violations may be determined as a matter of law on this record. Although "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole," *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555, questions involving state of mind, including determinations of wilfulness, "are generally factual issues inappropriate for resolution by summary judgment." *Braxton-Secret v. A.H. Robins Co.,* 769 F.2d 528, 531 (9th Cir.1985). On this basis alone, the plaintiff's motion for summary judgment should be denied.

 The debtor also argues that inasmuch as an act in violation of the automatic stay is "void" that this Court must order the debtor's reinstatement. While it is true that violations of the stay are invalid. *In re Reichenbach (Reichenbach v. Kizer),* 174 B.R. 997 (Bankr.E.D.Ark.1994), *appeal dismissed,* No. 95cv48 (E.D.Ark. May 22, 1996), it does not necessarily follow that the Bank is compelled to reinstate the debtor in his former position at the bank and at FBT. For example, if the debtor's termination was for cause, rather than because of the filing of the bankruptcy, as alleged, reinstatement may not be an appropriate or permissible remedy. *In re Terry,* 7 B.R. 880 (Bankr.E.D.Va.1980). In light of the unique nature of this action, combined with the causes pending in the complaint, the Court believes that the better course is for the matter to proceed to trial whereupon, should the plaintiff be successful, the Court may consider whether reinstatement is a proper or appropriate remedy.

### The Defendants' Motion for Summary Judgment

 The defendants move for summary judgment on the basis that section 362 is not applicable to employment relationships. Rather, they argue, any claim for damages or other relief must, in this context, proceed within the parameters of section 525 regarding discrimination. Section 541(a) of the Bankruptcy Code provides for inclusion of all property and rights to property in the estate. A debtor's interest in an employment contract, as discussed above, is property of the estate. Most Chapter 13 debtors, however, have no written contract and hold only those employment rights afforded them by law. In Arkansas, these rights are few, and individuals may be terminated at the will of the employer. *St. Edward Mercy Medical Center v. Ellison,* 58 Ark.App. 100, 946 S.W.2d 726, 728 (1997). Accordingly, debtors may be terminated from their employment positions during the pendency of a Chapter 13 case without the necessity of the employer seeking relief from stay.[5] In the instant

---

**3.** This is an unusual situation. In many instances Chapter 13 debtors are terminated from their employment during the course of their bankruptcy case. No violation of the stay occurs in those instances because, absent a contract, the debtors have no rights in their employment because, in Arkansas, employment is at the will of the employer. *Young v. Southwestern Bell Telephone Co.,* 424 F.2d 256 (8th Cir.1970); *St. Edward Mercy Medical Center v. Ellison,* 58 Ark.App. 100, 946 S.W.2d 726, 728 (1997)("Under the employment-at-will doctrine, an at-will employee may be discharged for good cause, no cause, or even a morally wrong cause.").

**4.** It is not necessary, at this juncture, to determine whether the contracts are subject to assumption, rejection or assignment. *Cf. Computer*

*Communications,* 824 F.2d 725, 730 ("Accordingly, we affirm the bankruptcy and district courts on the ground that Codex violated the automatic stay by unilaterally terminating the contract and do not reach the question of whether this contract is nonassignable under Massachusetts law.").

**5.** Of course, an employer is not permitted to terminate a debtor solely due to the filing of a petition in bankruptcy, 11 U.S.C. § 525, or otherwise violate the "well-established public policy of the state." *St. Edward Mercy Medical Center v. Ellison,* 58 Ark.App. 100, 946 S.W.2d 726, 728 (1997).

case, however, the debtor holds interests in particular employment contracts which afford him certain rights, including, as discussed above, the right to be terminated only for cause.

 Section 362 of the Bankruptcy Code provides that an individual injured by any willful violation of a stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). This section clearly provides for a cause of action by an individual harmed by a violation of the stay. *See Pettitt v. Baker*, 876 F.2d 456, 457–58 (5th Cir.1989)("To hold that 11 U.S.C. § 362(h) does not create a private right of action would require us to ignore its plain and express language. As we read that language, we cannot but conclude that congress established a remedy for an individual injured by a willful violation of a section 362(a) stay."); *cf. Vahlsing v. Commercial Union Insurance Co.*, 928 F.2d 486, 489 n. 1 (1st Cir.1991). Neither the Code nor the Federal Rules of Bankruptcy Procedure require that a party proceed under this subsection by filing a motion for contempt. Rule 7008 governing pleadings expressly permits alternate causes of action. Indeed, interests of judicial economy as well as the federal rules compel the conclusion that such causes of action be pleaded in the same complaint and tried together. It is well settled, despite the unsupported assertions of the defendants, that a debtor has the right to plead causes of action for violations of the automatic stay, and recover the appropriate damages. While it is doubtful that, under the terms of that statute, the plaintiff may obtain reinstatement of his employment position under section 362, that question need not be resolved at this time, but may await the conclusion of trial on all causes of action pending before the court.[6]

Inasmuch as there are material issues of fact, including whether a wilful violation of the automatic stay occurred upon the plaintiff's termination of employment, the plaintiff's motion for summary judgment must be denied. Inasmuch as a cause of action exists for violation of the automatic stay, the defendants' motion for summary judgment must also be denied. The matter will proceed to trial.

**ORDERED** as follows:

1. The Plaintiff's Motion for Partial Summary Judgment, filed on January 27, 1997, is DENIED.

2. The Defendants' Motion for Partial Summary Judgment, filed on March 17, 1997, is DENIED.

3. The Defendants' "Motion to Amend Defendants' Motion for Partial Summary Judgment" filed on July 2, 1997, is DENIED as moot.[7]

**IT IS SO ORDERED.**

---

**6.** The defendants rely heavily upon *In re Hicks*, 65 B.R. 980 (Bankr.W.D.Ark.1986) and *In re Hopkins*, 81 B.R. 491 (Bankr.W.D.Ark.1987) for the proposition that the plaintiff may rely solely upon the remedy afforded by section 525. That reliance is misplaced. Indeed, section 362 is not substantively discussed in either of those opinions. While the Court does, in one instance, refer to a motion for contempt, the reference is to contempt for violation of section 525, not section 362.

**7.** In any event, if the defendants wish to obtain a retroactive relief from the stay, it does not appear that amending the motion for summary judgment would accomplish this purpose. Should the defendants wish to retroactively annul the automatic stay, they should so plead, pursuant to the pretrial orders of this court. The standards for a retroactive annulment of the stay have been established by *In re Pulley*, 196 B.R. 502 (Bankr.E.D.Ark.1996); *In re Scott*, 182 B.R. 31 (Bankr.W.D.Ark.1995); *In re Reichenbach*, 174 B.R. 997 (Bankr.E.D.Ark.1994), *appeal dismissed*, No. 95cv48 (E.D.Ark. May 22.1996).